STATE OF CONNECTICUT *v.* DOROTHY A. DESCOTEAUX
(12736)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

---

Argued March 4—decision released June 3, 1986

*Ronald D. Williams, Jr.,* for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with whom, on the brief, was *John Connelly,* state's attorney, for the appellee (state).

DANNEHY, J. The issue in this case is whether a person who is convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a during the period such person is participating in a pretrial program of alcohol education and treatment may be found ineligible

to continue participation in the pretrial alcohol educa-
tion system provided in General Statutes § 54-56g.[1] We
agree with the trial court that such a person may be
found ineligible.

The defendant, Dorothy Descoteaux, appeals from
an order of the Superior Court, *Licari, J.,* entered after
the court determined that the defendant was ineligi-
ble to continue participation in a program of alcohol
education and treatment. General Statutes § 54-56g.
The facts are undisputed. On September 29, 1984, the
defendant, Dorothy Descoteaux, was arrested and
charged with operating a motor vehicle while under the
influence of intoxicating liquor in violation of General
Statutes § 14-227a, improper use of number plates in
violation of General Statutes § 14-147 (c) and operation
of an unregistered motor vehicle in violation of General
Statutes § 14-12a. Thereafter she applied for participa-
tion in the pretrial alcohol education system provided by

---

[1] General Statutes § 54-56g provides in pertinent part: "PRETRIAL ALCO-
HOL EDUCATION SYSTEM. (a) There shall be a pretrial alcohol education sys-
tem for persons charged with a violation of section 14-227a. Upon application
by any such person for participation in such system, the court shall, but
only as to the public, order such information or complaint to be filed as
a sealed information or complaint, provided such person states under oath
in open court under penalties of perjury that he has never had such system
invoked in his behalf and that he has not been convicted of a violation of
section 14-227a before or after October 1, 1981.

"(b) The court, after consideration of the recommendation of the state's
attorney, assistant state's attorney or deputy assistant state's attorney in
charge of the case, may, in its discretion, grant such application. If the court
grants such application, it shall refer such person to the office of adult pro-
bation for assessment and recommendations with respect to placement in
a program of alcohol education and treatment. Upon completion of the eval-
uation, the court shall determine whether such person is eligible for the
pretrial alcohol education system. If the court determines that the defend-
ant is eligible, the defendant shall be referred to the office of adult proba-
tion for placement in the system for one year. Any person who enters the
system shall agree: (1) To the tolling of the statute of limitations with respect
to such crime, (2) to a waiver of his right to a speedy trial, (3) to partici-
pate in at least eight meetings or counseling sessions in a program of alco-
hol education and treatment pursuant to this section, and (4) to accept more

General Statutes § 54-56g and, pursuant thereto, the information was sealed. On November 9, 1984, her application was granted by the court, *Gaffney, J.*, and the defendant was referred to the office of adult probation for placement in the system for one year.

On December 30, 1984, the defendant was again arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. When arraigned she pleaded not guilty and elected trial by jury. Before the scheduled trial date, the defendant decided to plead guilty. After accepting the defendant's plea of guilty to the charge of operating a motor vehicle under the influence of intoxicating liquor in violation of General Statutes § 14-227a, the trial court, *Gray, J.*, on February 21, 1985, sentenced her to pay a fine of $750 and to be confined for six months, but suspended the sentence of confinement in favor of probation for two years.

intensive treatment or other forms of education or treatment or to participate in additional meetings or counseling sessions if the office of adult probation deems it appropriate. The suspension of the motor vehicle operator's license of any such person pursuant to section 14-227b shall be effective during the period such person is participating in such program. If the court determines the defendant ineligible for the system or if the program provider certifies to the court that the defendant did not successfully complete the program of alcohol education or treatment to which he was assigned or is no longer amenable to treatment under such program, the court shall order the information or complaint to be unsealed, enter a plea of not guilty for such defendant and immediately place the case on the trial list. If such defendant satisfactorily completes the program of alcohol education or treatment to which he was assigned, he may apply for dismissal of the charges against him and the court, on reviewing the record of his participation in such program submitted by the office of adult probation and on finding such satisfactory completion, shall dismiss the charges. A record of participation in such program shall be retained by the office of adult probation for a period of seven years from the date of application. The office of adult probation shall transmit to the department of motor vehicles a record of participation in such program for each person who satisfactorily completes such program. The department of motor vehicles shall maintain for a period of seven years the record of a person's participation in such program as part of such person's driving record."

During a hearing on March 28, 1985, in which the court ordered the first information unsealed, the defendant requested permission to continue her participation in the alcohol education program. The trial court denied the request and found the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor. The defendant was sentenced to confinement for six months with execution suspended and probation for two years. The court ordered that the sentence be concurrent to the sentence imposed on February 21, 1985.

The defendant claims on appeal that her conviction for driving while intoxicated on the basis of her December 30, 1984 arrest was an insufficient reason to remove her from the pretrial alcohol education program. She argues that once she had been admitted to the program, she could be removed only for failing to complete the eight counseling sessions mandated by General Statutes § 54-56g (b). She argues in the alternative that even if a prohibition against driving while intoxicated was an implied condition of her continued participation in the program, she was not given notice of that condition, and therefore, her removal was in violation of due process. We do not agree with the conclusion, because we do not accept its premises.

A person admitted to the pretrial alcohol education program remains under the jurisdiction of the court for control purposes until he has successfully completed the program and his charges are dismissed. If a defendant satisfactorily completes the program to which he has been assigned, the defendant "may apply for dismissal of the charges against him and the court, on reviewing the record of his participation in such program . . . and on finding such satisfactory completion, shall dismiss the charges." General Statutes § 54-56g (b). The statute clearly requires the trial court to make an independent determination of the defendant's satisfac-

tory completion of the prescribed program of alcohol education and treatment. The trial court is not, as the defendant contends, relegated to the ministerial role of rubber stamping the certification of the "program provider" that the defendant has successfully completed the assigned program. While the court may rely heavily on the recommendation of the office of adult probation or the program provider, such recommendations are not conclusive. The court must determine for itself, and enter a finding, that the defendant's completion of the program has been satisfactory. Otherwise, there would be no purpose to the statutory requirement that the defendant, upon completion of the program, return to court and "apply for dismissal of the charges against him." General Statutes § 54-56g (b).

Nor do we agree that the defendant was not on notice that her participation in the program might be terminated upon a subsequent conviction for driving while intoxicated. Before admission to the program the defendant was required to state under oath in open court that she had never had the pretrial alcohol education system invoked in her behalf, and that she had never before been convicted of driving while intoxicated. General Statutes § 54-56g (a). Her oath, and the very nature of the program itself, necessarily put her on notice that driving while intoxicated would violate the spirit, if not the letter, of General Statutes § 54-56g. In any event, we do not construe the terms of General Statutes § 54-56g (b) to create a liberty or property interest cognizable under either the state or federal due process clauses, and therefore, the defendant was not entitled to formal notice that a subsequent conviction for driving while intoxicated might result in her expulsion from the alcohol education program. *Connecticut Board of Pardons* v. *Dumschat*, 452 U.S. 458, 467, 101 S. Ct. 2460, 69 L. Ed. 2d 158 (1981).

We therefore review the action of the trial court only to determine whether it was reasonable under the circumstances. In this case the trial court might reasonably have determined that the defendant lost her eligibility to continue in the system of alcohol education when, shortly after she had been admitted, she again operated her vehicle while intoxicated. After it had been reduced to a conviction, the December 30, 1984 offense provided an adequate basis for the trial court to remove the defendant from the pretrial alcohol education program. *State* v. *Barnes,* 37 Conn. Sup. 853, 858, 439 A.2d 456 (1981).

There is no error.

In this opinion the other justices concurred.