[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Philip Mobley was arrested for driving while under the influence on July 19, 1989. On or about October 20, 1989 he was granted the Alcohol Education Program (54-56g
of the Connecticut General Statutes) and "placed in the system for one year."
On or about September 12, 1990 Bail Commissioner indicated that Mr. Mobley had successfully completed the Alcohol Education Program.
On October 8, 1990 the defendant was arrested for driving under the influence. The parties have stipulated that he was operating his motor vehicle while under the influence on that day.
The defendant has filed a Motion to Dismiss the charge of driving while under the influence for his July 19, 1989 arrest.
The defendant argues that Mr. Mobley was placed in the Alcohol Education Program and according to the Bail Commissioner on September 12, 1990 had successfully completed the program. The completion of the program took place before the "one year" had passed. The one year anniversary of October 20, 1989 would have been October 19, 1990.
The issue is, may a defendant be granted a dismissal after successfully completing the Alcohol Education Program, according to the Bail Commissioner, before the one year he was placed in the system for has elapsed and after admitting to operating under the influence within the aforementioned one year period.
Defendant argues that because he has "successfully CT Page 1693 completed" the Alcohol Education Program the charge of driving while under the influence on July 19, 1989 should be dismissed even though the one year mentioned in the statute has not passed.
The statute states, "If such defendant satisfactorily completes the program of alcohol education or treatment to which he was assigned, he may apply for dismissal of the charges against him and the court, on reviewing the record or his participation in such program submitted by the bail commission and on finding such satisfactory completion, shall dismiss the charges."
The Motion to Dismiss might easily be denied if the court takes the position that the referral "to the bail commissioner for placement in the system for one year" (emphasis added) has not been successfully completed because although the defendant has a writing from the bail commissioner indicating successful completion of the program, the one year mentioned in the statute as not yet run at the time of the second arrest.
There appears to be two cases that deal somewhat with this issue, State v. Descoteaux, 200 Conn. 102 and State v. Hancich, 200 Conn. 615, but neither of them deal with the one year aspect mentioned in the statute.
The court takes the position that referring the defendant to the bail commissioner for placement in the system for one year means just that. It is felt that if the legislature desired that an alcohol education program was eligible for dismissal at a date earlier than the one year mentioned in the statute, then I believe the legislature would have so stated.
If Mr. Mobley had completed the alcohol education program and the year had run, then without doubt the Motion to Dismiss would have been granted. In this case, however, Mr. Mobley had completed the program as far as the bail commissioner was concerned, but the court has made an independent determination by the admission of Mr. Mobley that he was operating his motor vehicle while under the influence on October 8, 1990 and therefore it is the ruling of this court that Mr. Mobley did not successfully complete the alcohol education program and the Motion to Dismiss is therefore denied.
BY THE COURT, ROBERT C. FLANAGAN, JUDGE