[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR ALCOHOL REHABILITATION
The defendant, Steven C. Chambers has applied for the pretrial alcohol education program pursuant to § 54-56g. Conn.Gen. Stats. as a result of his arrest for driving under the influence of liquor on April 20, 1997 at approximately, 4:05 a.m. Chambers had a .236 blood alcohol content readings on the first test and refused to take a second test. The State opposes a granting of the application.
According to the affidavit of the arresting officer, Chambers, who was traveling east on Asylum Avenue in Hartford disregarded a red traffic light and almost ran into the side of his police vehicle and several other motorists.
The police officer after activating his emergency lights and siren noted he was required to travel at speeds of between 95-100 miles per hour in a 30 mile per hour zone to keep up with Chambers. It is alleged that Chambers during the pursuit continued to operate in an extremely reckless manner and the officer was required to radio for assisting units. The officer stated that on several occasions after Chambers would pull his automobile over he would pull away requiring the officer to continue the pursuit.
Based on a consideration of the facts in this case alone the CT Page 2560 Court would be reluctant to grant the program. In view of the arrest for the same type of offenses some five days later (MV-97-0369495-S) the Court cannot in good conscience grant the program.
According to the affidavit of Officer Heriberto Resto on April 25, 1997 he arrested Chambers for driving under the influence of liquor and reckless driving as well as other offenses. Resto claimed that at 1:25 a.m. on the 25th of April 1997 he observed Chambers operating at a high rate of speed on Meadow Street in Hartford and also observed him weaving. After pulling him over Chambers failed sobriety tests and was taken to Troop H in Hartford where he registered a .212 blood alcohol content on the first test and .192 on the second test.
The Court is aware of the presumption of innocence and the in the drunk driving arrest of April 25, 1997 Chambers has not been convicted. In State v. Descouteux, 200 Conn. 102, 509 A.2d 1035
(1986) defendant who had been admitted to the pretrial alcohol education program was subsequently convicted on another driving under the influence of liquor case and the Superior Court made clear this was an adequate reason to remove the defendant from the program. The Court, however, cannot be unmindful that the subsequent arrest in this matter for the same charges arose five days after his initial arrest.
The Court in its exercise of discretion denies defendant's application for the program in that the initial charge was flagrant and similar charges five days later show an utter disregard for the laws relating to driving under the influence of liquor.
The application is denied.
Howard T. Owens, Jr., J.