STATE OF CONNECTICUT *v.* JOSEPH P. DIPAOLO
(AC 24288)

West, DiPentima and McLachlan, Js.

Argued October 28, 2004—officially released March 15, 2005

*Michael A. D'Onofrio*, special public defender, for the appellant (defendant).

*Erik T. Lohr*, special deputy assistant state's attorney, with whom were *Walter D. Flanagan*, state's attorney, and *Warren C. Murray*, supervisory assistant state's attorney, for the appellee (state).

McLACHLAN, J. The defendant, Joseph P. DiPaolo, asks us to consider the legislative intent behind General Statutes § 14-227a (g), which enhances the penalties for recidivist drunken driving. Specifically, the defendant claims that the trial court improperly refused to dismiss the part B information charging him as a second time offender because his first conviction for operating a motor vehicle while under the influence of intoxicating liquor was in New York, a state that does not have the equivalent of Connecticut's diversionary alcohol education program,[1] and as such, he was a de facto first time offender. We affirm the judgment of the trial court.

On December 5, 2002, the defendant, a New York resident, was arrested in New Fairfield and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a) (2). Thereafter, the state filed a part B information charging the defendant as a subsequent offender for a 1998 conviction of operating a motor vehicle while under the influence of intoxicating liquor arising out of a 1997 arrest in New York. The defendant filed a motion to dismiss the part B information, which the court denied. Following the denial of the motion, the defendant agreed to a plea of nolo contendere conditioned on this appeal from the court's ruling. The court sentenced the defendant as a second time offender under § 14-227a (g), which includes a mandatory minimum sentence of two years imprisonment with execution suspended after 120 days.

---

[1] "General Statutes § 54-56g establishes a pretrial alcohol education program [in lieu of a possible conviction for operating a motor vehicle while under the influence of intoxicating liquor] for persons charged with a violation of [General Statutes] § 14-227a. Applications for participation in this program may be granted or denied at the discretion of the trial court." *State v. Arisco*, 39 Conn. App. 11, 16–17, 663 A.2d 442 (1995).

The defendant claims that the legislature did not intend § 14-227a (g) to apply to this situation in which his first conviction came without access to a diversionary program.[2] Because this case strictly involves a matter of statutory construction, our review is plenary. See *State* v. *Kirk R.*, 271 Conn. 499, 510, 857 A.2d 908 (2004).

"The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z. "When the statute in question is one of a criminal nature, [however] we are guided by additional tenets of statutory construction. First, it is axiomatic that we must refrain from imposing criminal liability where the legislature has not expressly so intended. . . . Second, [c]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily to be resolved in favor of the defendant. . . . Finally, unless a contrary interpretation would frustrate an evident legislative intent, criminal statutes are governed by the fundamental principle that such statutes are to be strictly construed against the state. . . . It is, however, equally understood that despite the nature of the statute, it must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant . . . . In other words, [n]o part of a legislative

---

[2] In his motion to dismiss the part B information, the defendant argued that (1) the application of the enhanced penalty violated his equal protection and due process rights; but see *Kostrzewski* v. *Commissioner of Motor Vehicles*, 52 Conn. App. 326, 342, 727 A.2d 233, cert. denied, 249 Conn. 910, 733 A.2d 227 (1999); and (2) the New York statute under which he was convicted, N.Y. Veh. & Traf. Law § 1192.03 (McKinney 1996), is not substantially similar to General Statutes § 14-227a (a). He does not raise either argument on appeal.

enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . [so that] no word [or phrase] in a statute is to be treated as superfluous." (Citations omitted; internal quotation marks omitted.) *State* v. *Peeler*, 271 Conn. 338, 434–35, 857 A.2d 808 (2004).

With those principles in mind, we turn to the relevant statutory text: "Penalties for operation while under the influence. Any person who violates any provision of subsection (a) of this section shall . . . (2) for conviction of a second violation within ten years after a prior conviction for the same offense, (A) be fined not less than one thousand dollars or more than four thousand dollars, (B) be imprisoned not more than two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner, and sentenced to a period of probation requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) (i) have such person's motor vehicle operator's license or nonresident operating privilege suspended for three years . . . . For purposes of the imposition of penalties for a second or third and subsequent offense pursuant to this subsection . . . *a conviction in any other state of any offense the essential elements of which are determined by the court to be substantially the same as subdivision (1) or (2) of subsection (a) of this section . . . shall constitute a prior conviction for the same offense.*" (Emphasis added.) General Statutes § 14-227a (g).

The defendant concedes in his brief that the statute "appears to be clear and unambiguous on its face, authorizing the state to charge the defendant with being a subsequent offender . . . after his second drunken driving arrest." He argues nevertheless that, despite the unambiguous statutory language to the contrary, it was

not the intent of the legislature "to punish an individual with a 120 day jail sentence who is in fact only a second offender." That argument is premised on the assumption that first time offenders in Connecticut are almost always allowed to submit to the alcohol education program rather than risk a conviction of operating a motor vehicle while under the influence of intoxicating liquor. Thus, the second time offenders sentenced under § 14-227a (g) are actually third time offenders who were not convicted following their first arrest, but were instead diverted into the alcohol education program. The defendant argues that he did not have the benefit of the alcohol education program because he had the misfortune of being arrested in New York, a state without an equivalent diversionary program. We are not persuaded.

"The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Tarnowsky* v. *Socci*, 271 Conn. 284, 287 n.3, 856 A.2d 408 (2004). The relevant provisions of § 14-227a (g), in this context, are not susceptible to more than one reasonable interpretation. Our legislature chose the term "conviction," rendering entirely irrelevant the defendant's number of previous *arrests* for operating a motor vehicle while under the influence of intoxicating liquor. The defendant does not dispute on appeal that he has a previous conviction in another state within the past ten years and that the elements of the offense for which he was convicted in New York are substantially similar to those in § 14-227a (a). Thus, the court followed the plain and unambiguous meaning of the statutory language in sentencing the defendant as a second time offender.

The defendant maintains that we should nevertheless review extratextual sources to discern the statute's meaning because the plain meaning of the statute yields an absurd or unworkable result. Specifically, he claims

that the result is absurd because "the defendant here faces 120 days incarceration while other, equally culpable defendants face no jail time, simply because their first arrest for operating [a motor vehicle while] under the influence [of intoxicating liquor] was in Connecticut, not New York or a state without a diversionary program." Further, he claims that the result is unworkable because it "provides for such disparate treatment for individuals who are equally culpable and equally dangerous to other motorists on the road" in contravention of legislative intent.

That result is neither absurd nor unworkable. It is, to the defendant, decidedly unfortunate that his first arrest[3] for operating a motor vehicle while under the influence of intoxicating liquor occurred in New York and not in Connecticut and, therefore, resulted in a conviction. The drunken driving laws of this state are simply different from those of New York. Whereas Connecticut offers a diversionary alcohol education program to many first time arrestees, New York does not. The defendant is correct in that it is quite likely that if his 1997 arrest for operating a motor vehicle while under the influence of intoxicating liquor had occurred in Connecticut, he would have been sentenced as a first time offender for the offense that is the subject of this appeal. He was not, however, arrested in Connecticut in 1997, and the state of New York was free to prosecute and to convict the defendant rather than to allow him to enter a diversionary program. The various states have different laws that reflect their people's judgments about the appropriate punishments for drunken drivers and, as such, the states' laws need not be identical. Cf.

---

[3] We note in passing that the defendant was also arrested in New York in 1991 with a blood alcohol content over the legal limit, but was allowed to plead to an infraction, driving while ability impaired. Consistent with our opinion today, that arrest has no bearing on our decision because he was not convicted of operating a motor vehicle while under the influence of intoxicating liquor.

*Kostrzewski* v. *Commissioner of Motor Vehicles*, 52 Conn. App. 326, 342, 727 A.2d 233 (no equal protection violation when state suspended driver's license of plaintiff convicted of operating motor vehicle while under influence of intoxicating liquor in Florida, which has no diversionary program for first time offenders), cert. denied, 249 Conn. 910, 733 A.2d 227 (1999). This state chooses to punish more harshly recidivist drunken drivers, regardless of where their first conviction occurred. If the legislature had wanted to distinguish among those states with and without diversionary programs for first time offenders, it could have done so. In conclusion, we refuse to consider extratextual sources to aid in our interpretation of § 14-227a (g) because its meaning is plain and unambiguous on its face, and because it does not yield an absurd or unworkable result.

The judgment is affirmed.

In this opinion the other judges concurred.