TODD SPEAR *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 25972)

Schaller, Bishop and Gruendel, Js.

---

10

Argued May 27—officially released August 23, 2005

*Robert C. Pinciaro,* for the appellant (plaintiff).

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiff, Todd Spear, appeals from the judgment of the trial court dismissing his appeal from the order of the defendant, the commissioner of

motor vehicles (commissioner), suspending the plaintiff's motor vehicle operator's license for three years. We affirm the judgment of the trial court.

The following factual and procedural history is relevant to our consideration of the plaintiff's appeal. The plaintiff was convicted in Vermont on August 4, 2003, of operating a motor vehicle while under the influence of intoxicating liquor. After receiving notification of the Vermont conviction, the commissioner notified the plaintiff that pursuant to General Statutes § 14-111n (b) (2), his license to operate a motor vehicle was suspended for one year beginning on November 26, 2003. On September 20, 2003, after his Vermont conviction, but before imposition of the period of suspension, the plaintiff was arrested in Connecticut and charged with operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a. The plaintiff was convicted on November 7, 2003, and, as a consequence of that second conviction, on December 17, 2003, the commissioner suspended the plaintiff's driving privileges for three years pursuant to the enhanced suspension provisions of § 14-227a (g) (2).[1] The plaintiff then sought a hearing

---

[1] General Statutes § 14-227a (g) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall: (1) For conviction of a first violation, (A) be fined not less than five hundred dollars or more than one thousand dollars, and (B) be (i) imprisoned not more than six months, forty-eight consecutive hours of which may not be suspended or reduced in any manner, or (ii) imprisoned not more than six months, with the execution of such sentence of imprisonment suspended entirely and a period of probation imposed requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) have such person's motor vehicle operator's license or nonresident operating privilege suspended for one year; (2) for conviction of a second violation within ten years after a prior conviction for the same offense, (A) be fined not less than one thousand dollars or more than four thousand dollars, (B) be imprisoned not more than two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner, and sentenced to a period of probation requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) (i) have

with the department of motor vehicles. At the hearing, he took the position that because he was convicted in Connecticut as a first time offender, his suspension should have been for one year rather than three years. The hearing officer disagreed and reasoned that because Connecticut is a member of an interstate driver's license compact, as provided in General Statutes § 14-111p, the conviction in Vermont constituted a conviction under § 14-227a for the purpose of assessing the period of the suspension in Connecticut. The hearing officer concluded, therefore, that the notice of suspension issued on December 17, 2003, was proper and would remain in effect.

The plaintiff appealed to the Superior Court. There he claimed that the commissioner's imposition of a suspension of three years usurped the function of the judiciary, denied him due process and constituted an abuse of discretion. Additionally, he claimed that because Vermont does not have an alcohol education program similar to Connecticut's, its record of conviction should not have been considered by the commissioner in assessing the time period of the suspension. The court dismissed the appeal. This appeal followed.

On appeal, the plaintiff claims that the suspension of his license for three years by the commissioner violates the constitutional prohibition against double jeopardy.[2] Whether the suspension constituted a violation of the double jeopardy clause of the fifth amendment to the United States constitution[3] is a question of law, requir-

such person's motor vehicle operator's license or nonresident operating privilege suspended for three years or until the date of such person's twenty-first birthday, whichever is longer . . . ."

[2] The fifth amendment to the United States constitution provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const., amend. V.

[3] That constitutional guarantee is applicable to the states through the due process clause of the fourteenth amendment to the United States constitution. See *Benton* v. *Maryland*, 395 U.S. 784, 787, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).

ing plenary review. *State* v. *Ellison*, 79 Conn. App. 591, 598, 830 A.2d 812, cert. denied, 267 Conn. 901, 838 A.2d 211 (2003).

We begin our analysis by noting that Connecticut and Vermont participate in a driver's license agreement, the terms of which are set forth in General Statutes §§ 14-111i through 14-111q. Section 14-111n (a) provides: "If the Commissioner of Motor Vehicles receives a report from any member jurisdiction of the conviction in such jurisdiction of any person licensed to operate a motor vehicle in this state, for acts or conduct of the nature described in subsection (b) of this section, the commissioner shall suspend the operator's license of such person for the period of time required for a conviction of the equivalent offense under the provisions of the general statutes, as listed in subsection (b) of this section, for the same acts or conduct occurring in this state." Among the offenses enumerated in subsection (b) is a violation of § 14-227a, the operation of a motor vehicle while under the influence of intoxicating liquor or drugs. Therefore, pursuant to the terms of the agreement, a conviction in Vermont for the offense of operating while under the influence of intoxicating liquor must be treated by the commissioner as a Connecticut conviction for the purpose of assessing a period of suspension. In short, after being convicted in Connecticut of violating § 14-227a, the plaintiff became a second offender because of the prior Vermont conviction.[4]

The question of whether the administrative sanction of license suspension following an out-of-state conviction for operating a motor vehicle while under the influence of intoxicating liquor subjects a party to double

---

[4] Whether the plaintiff was presented in Connecticut as a first or second offender is immaterial to the issue at hand. The only question is whether he previously has been convicted under the statute. Cf. *State* v. *Surette*, 90 Conn. App. 177, 876 A.2d 582 (2005).

jeopardy was addressed in *Kostrzewski* v. *Commissioner of Motor Vehicles*, 52 Conn. App. 326, 727 A.2d 233, cert. denied, 249 Conn. 910, 733 A.2d 227 (1999). As stated in *Kostrzewski*, "[t]he double jeopardy clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. . . .

"In *United States* v. *Halper*, 490 U.S. 435, 448–49, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989), the United States Supreme Court held that under the [d]ouble [j]eopardy clause a [party] who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but *only* as a deterrent or retribution. . . . Our Supreme Court had the opportunity to interpret the holding of *Halper* [and] found that [t]he majority of courts that have addressed the issue of whether the imposition of a civil sanction constitutes punishment for purposes of the double jeopardy clause . . . have rejected the notion that *Halper* intended to characterize as punishment all civil or administrative sanctions that have any deterrent effect. . . . The majority of courts have also concluded that administrative sanctions that have the remedial purpose of advancing public safety interests do not constitute punishment for purposes of double jeopardy analysis . . . even if the sanction has some deterrent effect." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Kostrzewski* v. *Commissioner of Motor Vehicles*, supra, 52 Conn. App. 346–47.

Applying that reasoning in the context of a driver's license suspension, following a conviction for operating a motor vehicle while under the influence of intoxicating liquor, we noted that the purpose of the interstate driver's license compact is to promote safety. See id., 347. We concluded that because the primary aim of

the compact is remedial, the imposition of a license suspension in Connecticut following an out-of-state conviction does not violate the constitutional prohibition against double jeopardy. See id., 347–48.

The plaintiff attempts to distinguish *Kostrzewski* by contending that he is not contesting the one year suspension, but rather the enhanced length of his suspension from one year to three years. The plaintiff reasons that the additional sanction was not remedial in nature, but served the purpose of either deterrence or retribution, or both, and, thus, constitutes punishment for the purpose of double jeopardy analysis. In essence, in the guise of a double jeopardy argument, the plaintiff claims that the commissioner should not have considered the earlier Vermont conviction in determining that the plaintiff is a second offender for the purpose of setting the period of his license suspension. That claim lacks merit.

As stated previously, "administrative sanctions that have the remedial purpose of advancing public safety interests do not constitute punishment for purposes of double jeopardy analysis . . . even if the sanction has some deterrent effect." (Internal quotation marks omitted.) Id., 347. Pursuant to § 14-111n (b) (2), once Connecticut received notice that the plaintiff had been convicted in Vermont of operating while under the influence of intoxicating liquor, the commissioner was obligated to treat his Vermont conviction as a conviction pursuant to § 14-227a (a). For his first conviction, the plaintiff received a license suspension of one year, a remedial sanction. When the plaintiff was convicted on November 7, 2003, in Connecticut, for a violation of § 14-227a, the commissioner properly treated him as an individual who previously had been convicted under the statute. Thus, pursuant to the terms of § 14-227a (g), the commissioner properly suspended the plaintiff's license for three years. That sanction, however, was

remedial in nature, as it served the legitimate remedial purpose of advancing public safety. That this remedial sanction may have some deterrent effect does not give rise to a double jeopardy violation.

Finally, the plaintiff argues that because Vermont does not have an alcohol education program similar to Connecticut's, the commissioner should not have considered his Vermont conviction as a first offense because if the plaintiff had been arrested in Connecticut and charged for the first time with operating a motor vehicle while under the influence of intoxicating liquor, he likely would have been afforded the benefits of the state's alcohol education program. He therefore claims that he is the victim of disparate treatment because Vermont has no alcohol treatment program. That argument, however, implicates the equal protection clause of the United States constitution and not the double jeopardy clause. To the extent that the plaintiff claims that his equal protection rights have been violated, we decline to review his claim because it has not been raised or briefed adequately on appeal. See *Knapp* v. *Knapp*, 270 Conn. 815, 823 n.8, 856 A.2d 358 (2004).[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Even if we were to review the issue on the merits, *Kostrzewski* is dispositive. In *Kostrzewski*, we held that the "compact does not violate the equal protection clause of the United States or Connecticut constitutions"; *Kostrzewski* v. *Commissioner of Motor Vehicles*, supra, 52 Conn. App. 342; because the "[p]articipation in the alcohol education program in Connecticut is not a right, it is a discretionary disposition"; id., 340; and the "state has a legitimate interest in highway safety and a responsibility to protect its citizens from those who would drive on its roads while under the influence of alcohol . . . ." Id., 342; see also *State* v. *DiPaolo*, 88 Conn. App. 53, 59–60, 868 A.2d 98, cert. denied, 273 Conn. 935, 875 A.2d 544 (2005).