******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ARIK FETSCHER
(AC 36615)

DiPentima, C. J., and Beach and Bear, Js.

*Argued October 14—officially released December 29, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, geographical area number one, Truglia, J.)

*Arik B. Fetscher*, self-represented, the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Steven G. Weiss*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The self-represented defendant, Arik Fetscher, appeals from the judgment of conviction, rendered after his conditional plea of nolo contendere,[1] of the crime of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.[2] On appeal, the defendant challenges the trial court's denial of his motion to dismiss and its interpretation of the pretrial alcohol education program statute, General Statutes § 54-56g (a) (1) (D),[3] and claims that the court improperly denied his application for entry into the program. The defendant also raises several constitutional claims. We affirm the judgment of the trial court.

In connection with the defendant's conditional plea of nolo contendere, the state recited the following facts. On December 6, 2012, the defendant was operating a motor vehicle at a high rate of speed in Greenwich. A police officer stopped the defendant's vehicle. Upon speaking with the defendant, the officer noticed an odor of alcohol on the defendant's breath and that his eyes were glassy and bloodshot. The defendant consented to Breathalyzer testing and the results were a blood alcohol level of 0.167 percent and 0.174 percent. The defendant was arrested and charged, inter alia, with violating § 14-227a.

On April 8, 2013, the defendant applied for the pretrial alcohol education program (program) pursuant to § 54-56g. On May 23, 2013, the defendant filed a memorandum in support of his eligibility. He acknowledged that the bail commissioner had determined that he was ineligible as a result of his conviction for operating a vehicle while intoxicated in the state of New York on March 6, 1997.[4] The defendant argued that the New York conviction did not constitute an offense with substantially similar elements of § 14-227a (a). He also contended that his ineligibility amounted to an unequal application of the law and yielded an absurd and unworkable result.

The state filed a responsive memorandum of law in on May 30, 2013, arguing that the Connecticut and New York statutes substantially were the same, and therefore the defendant should not be admitted into the program. On June 6, 2013, the court, after hearing argument, denied the application because of the defendant's 1997 New York conviction. As a result, a plea of not guilty was entered and the case was placed on the trial list. See General Statutes § 56-54g (b).

On February 24, 2014, the defendant orally moved for a dismissal of the charge against him pursuant to Practice Book § 41-8.[5] Defense counsel stated: "It is the argument now being made to the court that this prosecution should be dismissed on the grounds . . . put [forth] in my [prior] memorandum . . . and the arguments that are on the record that were made to

the court . . . that [the defendant] is now suffering the unequal application of our laws . . . . He is not having access to what could be a diversionary disposition, potentially, whereas other applicants similarly situated are at least able to attempt that. But the applications of these laws finds him not even eligible in the way we claim is the statutory scheme unequally applied to him in violation of his constitutional right to the application of the laws."[6] The state objected to the defendant's motion.

The court denied the motion to dismiss, rejecting the defendant's arguments. The court found its ruling dispositive of the case. It then canvassed the defendant and accepted his conditional plea of nolo contendere.[7] The defendant was sentenced to six months incarceration, execution suspended, with eighteen months of probation and 100 hours of community service. The court granted the defendant's motion to stay the execution of the sentence pending the outcome of his appeal.

On appeal, the defendant first claims that the court improperly construed § 54-56g (a) (1) (D). The defendant argues that our legislature has created a " 'fresh start' " to allow repeat offenders of § 14-227a entry into the program so long as ten years have elapsed between each violation. The state counters that we should reject the defendant's request to judicially rewrite § 54-56g (a) (1) (D) by replacing the phrase "at any time" with "ten years." We agree with the state.

We begin our analysis with a brief discussion of the relevant statutory framework. Section 54-56g established the program for individuals charged with violating § 14-227a. *State* v. *Arisco*, 39 Conn. App. 11, 16–17, 663 A.2d 442 (1995). The trial court has discretion to grant or deny an application to participate in the program. Id.; see also General Statutes § 54-56g (b); *State* v. *DiPaolo*, 88 Conn. App. 53, 55 n.1, 868 A.2d 98, cert. denied, 273 Conn. 935, 875 A.2d 544 (2005). Upon a successful completion of the program, an individual may apply for the dismissal of the charge. *State* v. *DiLoreto*, 88 Conn. App. 393, 403 n.5, 870 A.2d 1095 (2005); see also *State* v. *Descoteaux*, 200 Conn. 102, 106–107, 509 A.2d 1035 (1986).

Our legislature has set forth certain eligibility criteria for the program. See § 54-56g (a) (1) (A) through (E).[8] An applicant is required to state under oath and under penalty of perjury that these eligibility criteria have been met. See General Statutes § 54-56g (a) (1). For the purpose of this appeal, we focus on § 54-56g (a) (1) (D), which provides in relevant part that an applicant must state under oath that he or she "has not been convicted in any other state *at any time* of an offense the essential elements of which are substantially the same as . . . subdivision (1) or (2) of subsection (a) of section 14-227a . . . ." (Emphasis added.)

Although he argued otherwise at trial, in this appeal the defendant does not dispute the fact that in 1997 he was convicted in New York of an offense the essential elements of which are substantially the same as subdivisions (1) or (2) of subsection (a) of § 14-227a. The defendant argues, however, that under the tenets of statutory construction and the legislative histories of §§ 54-56g and 14-227a, a ten year rule should apply for eligibility under the program for persons who have been convicted of operating a motor vehicle while under the influence of intoxicating liquor in another state. The flaw in the defendant's analysis is that we are bound by the plain language of the statute, which expressly states that persons with out of state convictions, *at any time*, are not eligible for the program.[9] His claim, therefore, must fail.

We begin with our familiar standard of review. "Because statutory interpretation is a question of law, our review is de novo. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *State* v. *Buckland*, 313 Conn. 205, 224, 96 A.3d 1163, 1173 (2014), cert. denied, U.S. , 135 S. Ct. 992, 190 L. Ed. 2d 837 (2015); see also *State* v. *Crespo*, 317 Conn. 1, 9, 115 A.3d 447 (2015).

We have recognized that "[a] cardinal rule of statutory construction is that where the words of a statute . . . are plain and unambiguous the intent of the [drafters] in enacting the statute . . . is to be derived from the words used. . . . Where the court is provided with a clearly written rule, it need look no further for interpretive guidance. . . . It is our duty to interpret statutes as they are written. . . . Courts cannot, by construction, read into statutes provisions which are not clearly

stated. . . . The legislature is quite aware of how to use language when it wants to express its intent to qualify or limit the operation of a statute." (Citation omitted; internal quotation marks omitted.) *State* v. *Anderson*, 74 Conn. App. 633, 652–53, 813 A.2d 1039, cert. denied, 263 Conn. 901, 819 A.2d 837 (2003).

We conclude that § 54-56g (a) (1) (D) is plain and unambiguous, and therefore, we decline the defendant's invitation to resort to extratextual sources. See *State* v. *Jackson*, 153 Conn. App. 639, 643, 103 A.3d 166 (2014) (threshold determination of whether statutory language is plain and unambiguous governs whether extratextual sources may be used as interpretive tool), cert. denied, 315 Conn. 912, 106 A.3d 305 (2015). The language of § 54-56g (a) (1) (D) plainly states that to be eligible for the program, an applicant must not have had, at any time, a conviction for an offense similar to § 14-227a in any other state. Had the legislature wanted to use a ten year period for out of state convictions, it was aware of how to effectuate that intent. See, e.g., General Statutes § 54-56g (a) (1) (A) (applicant cannot have used program within preceding ten years).

We also are guided by our decision in *State* v. *DiPaolo*, supra, 88 Conn. App. 53. In that case, the defendant, who previously had been convicted of operating a motor vehicle under the influence of intoxicating liquor in New York, was convicted of operating a motor vehicle while under the influence in Connecticut and was subject to an enhanced sentence as a second time offender pursuant to § 14-227a (g). Id., 55. The defendant argued that our legislature did not intend § 14-227a (g) to apply to situations such as his because his first conviction occurred in a jurisdiction that did not offer "a diversionary program." Id., 56. On appeal, he conceded that the statutory language appeared to be unambiguous. Id., 57. He argued "nevertheless that, despite the unambiguous statutory language to the contrary, it was not the intent of the legislature to punish an individual with a 120 day jail sentence who is in fact only a second offender. That argument is premised on the assumption that first time offenders in Connecticut are almost always allowed to submit to the . . . program rather than risk of a conviction of operating a motor vehicle while under the influence . . . . Thus, the second time offenders sentenced under § 14-227a (g) are actually third time offenders who were not convicted following their first arrest, but were instead diverted into the . . . program." (Internal quotation marks omitted.) Id., 57–58.[10]

In *DiPaolo*, we rejected the defendant's argument, stating that our legislature used the word " 'conviction' " in § 14-227a (g), which was not susceptible to more than one reasonable interpretation. Id., 58. We further declined to consider extratextual sources on the basis that the plain meaning yielded an absurd or unworkable result, as requested by the defendant. Id.,

58–60. The defendant maintained that the plain meaning was unworkable because of the disparate treatment for individuals who are equally culpable. Id., 59. We noted that the different laws in New York and Connecticut "reflect their people's judgments about the appropriate punishments for drunken drivers and, as such, the states' laws need not be identical." Id. "*If the legislature had wanted to distinguish among those states with and without diversionary programs for first time offenders*, *it could have done so*." (Emphasis added.) Id., 60. This reasoning applies in the present case; our legislature could have replaced the "at any time" language in § 54-56g (a) (1) (D) with a ten year time period, but chose not to. Further, this statutory language does not yield an absurd or unworkable result.

Simply put, "[i]t is the duty of the court to interpret statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated." (Citation omitted; internal quotation marks omitted.) *State* v. *Johnson*, 227 Conn. 534, 542, 630 A.2d 1059 (1993). The defendant's statutory construction claim, therefore, must fail. Accordingly, the trial court properly denied the defendant's motion to dismiss.

The defendant also asserts several unpreserved constitutional arguments in his brief.[11] Specifically, he claims that his rights to due process and against double jeopardy were violated. He also mentions the privileges and immunities clause and an unconstitutional " 'grandfathering' " as noted in *Guinn* v. *United States*, 238 U.S. 347, 35 S. Ct. 926, 59 L. Ed. 1340 (1915). That section of his brief, however, consists of unsupported assertions and an incomplete analysis of the constitutional topics mentioned. We conclude, therefore, that the defendant has failed to adequately brief these issues and we decline to consider them.[12] "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (Citation omitted; internal quotation marks omitted.) *State* v. *Prosper*, 160 Conn. App. 61, 74–75,     A.3d     (2015).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. For the purposes of this section, 'elevated blood alcohol content' means a ratio of alcohol in the blood of such person that is eight-hundredths of one per cent or more of alcohol, by weight . . . ."

[3] General Statutes § 54-56g provides in relevant part: "(a) (1) There shall be a pretrial alcohol education program for persons charged with a violation of section 14-227a . . . .

"(b) . . . If such defendant satisfactorily completes the assigned program, such defendant may apply for dismissal of the charges against such defendant and the court, on reviewing the record of the defendant's participation in such program submitted by the Court Support Services Division and on finding such satisfactory completion, shall dismiss the charges. . . ."

[4] See N.Y. Veh. & Traf. Law § 1192 (2) (2009).

[5] Practice Book § 41-8 provides in relevant part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information . . . (8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid; or (9) Any other grounds."

[6] The defendant was represented by counsel during the proceedings before the trial court.

[7] The trial court failed to indicate on the written plea form that its ruling on the motion to dismiss was dispositive of the case. Such a determination is a requirement for an appeal brought pursuant to § 54-94a, and the failure to make that determination will result in an appellate court declining review. See *State* v. *Jevarjian*, 124 Conn. App. 331, 352–53, 4 A.3d 1231 (2010), appeal dismissed, 307 Conn. 559, 58 A.3d 243 (2012); *State* v. *Rhoads*, 122 Conn. App. 238, 244, 999 A.2d 1, cert denied, 298 Conn. 913, 4 A.3d 836 (2010). In the present case, however, the court orally indicated that its ruling was dispositive. We encourage trial courts to complete the conditional plea of nolo contendere form as to whether the ruling is dispositive of the case.

[8] General Statutes § 54-56g (a) was amended by No. 14-110, § 1, of the 2014 Public Acts, which made changes to the statute that are not relevant to this appeal. For purposes of clarity, we refer to the current revision of the statute.

[9] Notably, our legislature has not established a ten year time period for eligibility to the program on persons convicted in Connecticut of violating § 14-227a. See General Statutes § 54-56g (a) (1) (C).

[10] "If an eligible individual completes the program, he or she is not convicted of a violation of § 14-227a. Therefore, in most cases, a person who is convicted for a second violation of § 14-227a within a ten year period has actually been charged with a violation of § 14-227a three times during that period." *McCoy* v. *Commissioner of Public Safety*, 300 Conn. 144, 166 n.18, 12 A.3d 948 (2011).

[11] See *State* v. *Elson*, 311 Conn. 726, 754–55, 91 A.3d 862 (2014); *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

[12] "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *State* v. *Stanley*, 161 Conn. App. 10, 28 n.21,      A.3d      (2015).