## STATE OF CONNECTICUT *v.* JOHN SAUNDERS
## (AC 24816)

Foti, McLachlan and Freedman, Js.

Argued October 12—officially released December 7, 2004

*Kweku J. Hanson,* for the appellant (defendant).

*Christopher T. Godialis,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *James R. Turcotte,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, John Saunders, appeals from the judgment of conviction, rendered by

the trial court following a plea of guilty,[1] of larceny in the third degree in violation of General Statutes § 53a-124. The defendant claims that the court improperly denied his oral motion to withdraw his plea. We affirm the judgment of the trial court.

On February 14, 2003, the defendant appeared with counsel, Howard J. Haims, and entered a plea of guilty to larceny in the third degree.[2] The court, *Richards, J.,* conducted a plea canvass[3] and accepted the plea. The court indicated that pursuant to a plea agreement between the defendant and the state, there was a "three year cap" on any sentence of incarceration that the court could impose[4] and that the defendant was free to argue for a lesser sentence. The court, however, noted that it was delaying sentencing because, under the agreement, the defendant had agreed to pay his victims half of the $10,970 in restitution owed to them on that date, February 14, 2003. The court further noted that if the defendant paid the full amount of the restitution to the victims within eight weeks, it would "allow him to withdraw his plea, and the state has indicated it will put him to plea on misdemeanors." Accordingly, the court continued sentencing for eight weeks, until April 11, 2003. The record is silent as to a court appear-

---

[1] The court accepted the defendant's plea, which was made under the *Alford* doctrine. See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The state charged the defendant by information with larceny in the first degree in violation of General Statutes § 53a-122 and failure to refund money paid for a home improvement in violation of General Statutes § 20-427 (b) (8). By means of a substitute information, the state charged the defendant with larceny in the third degree.

Setting forth the facts underlying the charge, the prosecutor stated that the defendant was the principal owner of a home improvement company. The victim homeowners paid the company $10,970 to perform agreed on improvements at their home and that the company did not perform the work.

[3] The defendant does not claim that the canvass was in any way defective.

[4] A presentence report was waived by the defendant.

ance on April 11, 2003,[5] but it is clear that the defendant failed to tender the unpaid half of the restitution on or by that date.

On September 16, 2003, the defendant appeared before the court, *Scarpellino, J.*, and tendered the previously unpaid restitution. The court accepted the payment and continued the matter for further proceedings before Judge Richards on October 24, 2003.

On October 24, 2003, the defendant appeared with new counsel, Kweku J. Hanson, after the court granted a motion to withdraw filed by Haims. The court, *Richards, J.*, reiterated the terms of the conditional plea agreement. Defense counsel orally moved to withdraw the defendant's plea, arguing as follows: "[T]he defendant . . . feels that not only was his plea ill advised and not effected with the assistance of competent counsel, but he is in a quandary right now. If he's sentenced as a felon, regardless of what the sentence is, effectively he's bootstrapped with respect to any other criminal charges out there." The court denied the defendant's motion. Defense counsel and the prosecutor addressed the court with regard to the sentence to be imposed, and the court permitted the defendant to exercise his right of allocution. Pursuant to the terms of the plea agreement, the court then sentenced the defendant to a suspended three year term of incarceration and three years of probation.

The defendant now claims that the court improperly denied his motion to withdraw his plea. The defendant essentially claims that the denial of his motion reflected an abuse of discretion because the plea (1) resulted

---

[5] The record reflects that the defendant appeared in court on August 19, 2003, in regard to other matters.

from ineffective assistance of counsel[6] and (2) was neither knowingly nor intelligently made.[7]

"A . . . plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Citation omitted; internal quotation marks omitted.) *State* v. *Winer,* 69 Conn. App. 738, 744, 796 A.2d 491, cert. denied, 261 Conn. 909, 806 A.2d 50 (2002).

We will easily dispose of the first aspect of the defendant's claim. Hanson claimed that his client had entered his plea without the effective assistance of counsel. He, however, never presented any evidence in support of that claim or even an offer of proof to substantiate the claim.[8] The record, therefore, is devoid of any facts to support Hanson's assertion. "It is the responsibility of the appellant to provide an adequate record for review . . . ." Practice Book § 60-5; see also Practice Book § 61-10.

---

[6] Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his . . . plea . . . after acceptance are as follows . . . (4) The plea resulted from the denial of effective assistance of counsel . . . ."

[7] In the section of his appellate brief entitled "Statement of Principal Issues Presented," the defendant set forth an issue with regard to the court's denial of his request to continue sentencing so as to permit him to present character witnesses at his sentencing hearing. The defendant, however, abandoned his claim when he failed to address it to any extent elsewhere in his brief.

[8] In denying the motion to withdraw, the court stated that "Mr. Haims did a very good job with [the defendant], and he represented him competently, more than competently in the court's view, and zealously."

The defendant's arguments with regard to the intelligent nature of the plea are varied. The defendant argues that the court unfairly held him to the terms of his plea bargain by sentencing him to a term of incarceration, after he made full restitution to the victim, rather than permitting him to plead to misdemeanor charges. The defendant claims that the court induced him to plead guilty on the basis of its representation that "[he] would be allowed to plead guilty to misdemeanors and sentenced to a conditional discharge provided he made full restitution . . . ." The defendant argues that "he did not realize during his canvass that the court would renege on its pledge to allow him to withdraw his pleas or to plead to misdemeanors and receive a conditional discharge."

The record is clear that the defendant understood the conditions of the plea agreement. One such condition was that he complete restitution payments within eight weeks of the February 14, 2003 hearing. The defendant did not satisfy that condition, nor did he seek a continuance in which to satisfy that condition. Fulfillment of that condition was within his control. The court clearly stated at the time of the plea canvass, and the defendant indicated that he understood, that if the defendant failed to satisfy that condition, he would be bound to the agreement and face a term of imprisonment of up to three years. The court merely enforced the terms of the plea agreement.[9] The defendant has

[9] To the extent that the defendant argues that the court violated the spirit of the plea bargain in that, although he eventually made full restitution to the victims, the court did not allow him to plead to misdemeanor charges, that argument is of no avail. The record reflects that the defendant only sought to withdraw his guilty plea; he never offered to plead to misdemeanor charges if so allowed. "When a guilty plea is induced by promises arising out of a plea bargaining agreement, fairness requires that such promises be fulfilled by the state. . . . The same concept of fairness ordinarily impels the court, in its discretion, either to accord specific performance of the agreement or to permit the opportunity to withdraw the guilty plea." (Internal quotation marks omitted.) *State* v. *Niblack*, 220 Conn. 270, 283, 596 A.2d 407 (1991).

failed to demonstrate that the court's denial of his motion to withdraw his plea reflects an abuse of discretion.

The judgment is affirmed.