## STATE OF CONNECTICUT *v.* TALANCE J. STITH
## (AC 27731)

Bishop, Robinson and Freedman, Js.

Argued February 19—officially released May 27, 2008

*Martha Brooke Hansen*, special public defender, for the appellant (defendant).

*Raheem L. Mullins*, deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, *Julia K. Conlin*, assistant state's attorney, and *Catherine Brannelly Austin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Talance J. Stith, appeals from the judgment of conviction rendered by the trial court after he entered a guilty plea under the *Alford* doctrine[1] to threatening in the second degree in violation of General Statutes § 53a-62 and risk of injury to a child in violation of General Statutes § 53-21. On appeal, the defendant claims that the court abused its discretion in denying his motion to withdraw the guilty plea. Specifically, the defendant claims that the plea was not knowingly, intelligently and voluntarily made because (1) he was under the influence of medication at the time it was entered, (2) it was not entered with the effective assistance of counsel and (3) the court did not explain the elements of each offense. We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. The defendant was arrested and charged, in separate dockets, with threatening in the second degree in violation of § 53a-62 and risk of injury to a child in

[1] "*North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), holds that a criminal defendant need not admit his guilt but may consent to being punished as if he is guilty to avoid the risk of proceeding at trial." *State* v. *Sutton*, 95 Conn. App. 139, 140 n.1, 895 A.2d 805, cert. denied, 278 Conn. 920, 901 A.2d 45 (2006).

violation of § 53-21. On April 26, 2005, pursuant to a plea agreement with the state, the defendant entered a guilty plea to these charges under the *Alford* doctrine. Under the plea agreement, the defendant was to enter the Daytop facility in New Haven for substance abuse treatment for one year. If the defendant was successful in the program, he would receive a suspended sentence of six years of incarceration with three years of probation. If the defendant was unsuccessful in the program, however, he would receive a sentence of six years to serve.

Prior to accepting the defendant's plea, the court conducted a canvass of the defendant. In response to the court's questions, the defendant specifically stated that he had not had any drugs, alcohol or medication within the previous twenty-four hours that would interfere with his judgment. The defendant indicated that his attorney had explained the nature and elements of the offenses charged, as well as the maximum possible penalty if he was convicted of one or both of the offenses. The defendant further stated that he was satisfied with his attorney's representation of him in the matter. The defendant's attorney, Brian Pear, stated that in his opinion, the defendant was entering his plea knowingly and voluntarily. The court, in accepting the plea, found that it was knowingly and voluntarily made, with the assistance of competent counsel.

At a hearing on May 31, 2005, the state alleged that the defendant had walked away from the Daytop treatment program. The matter was continued to July 12, 2005, at which time Pear explained to the court that there had been a breakdown of his relationship with the defendant. At that time, the defendant indicated that he did not remember agreeing to serve six years in jail and that he was on heavy medication at the time he

entered the plea.[2] The defendant sought to withdraw his plea rather than proceed for sentencing. The matter was continued again and defense counsel was instructed to file a motion to withdraw the plea.

At the subsequent hearing on the motion to withdraw the plea, the defendant testified that on the date that he entered the plea, he had taken the medications Seroquel and Lexapro, which he claimed made him unable to comprehend what was going on around him. He testified that he understood that he had told the court at the time of the plea that he had not taken anything, yet he did not remember saying anything to the court or talking to Pear on that date. At the conclusion of the hearing, the court denied the defendant's motion to withdraw the plea and sentenced the defendant to a total effective term of six years to serve. The defendant then filed this appeal, challenging the denial of his motion to withdraw the plea.

"A . . . plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of

---

[2] The defendant stated: "At the time when all this happened, I was on heavy medication. I was taking antipsychotics and antidepressants, which make . . . me . . . delusive, and I see shadows and hear voices. I talked to my psychiatrist, and she told me that I need to tell you all what was going on that day.

"The reason why when you—I guess when I was asked if I was on any medications or—or—or any drugs, when I—when I told you no, everything that you asked me, my lawyer told me what to say.

"I wrote Mr. Pear several times, asking him to get my medical records from—from jail and from the program because I'm schizophrenic. I take schizophrenic medication. I hear voices, and I see shadows. This has been going on before I even went to jail; I was taking medications for it.

"I don't remember making a plea for this. I remember coming to court. I don't remember taking no plea for it. I heard something totally different. I didn't know I would be spending six years in jail."

permission to withdraw is reversible only if that discretion has been abused. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Internal quotation marks omitted.) *State* v. *Saunders*, 86 Conn. App. 333, 336, 860 A.2d 1265 (2004). We also note that "[t]his court does not retry facts; it can only determine whether competent evidence supports factual determinations made by the trial court. Evidence is presented before the trier of fact, not before this court. The trier of fact has an opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility that we do not. . . . Where . . . factual determinations rested in large measure on credibility assessments, we accept the reasonable credibility determinations made by the trier of fact." (Citation omitted; internal quotation marks omitted.) *State* v. *Ortiz*, 95 Conn. App. 69, 88, 895 A.2d 834, cert. denied, 280 Conn. 903, 907 A.2d 94 (2006).

The defendant first claims that he was under the influence of medication at the time he entered the plea, and therefore the plea was not knowingly, intelligently and voluntarily made. In reviewing this claim, we note that the court, in denying the motion to withdraw the plea, relied on the defendant's responses to the court's questions during the plea canvass. In particular, the court noted that when the defendant was asked whether he was under the influence of any alcohol, drugs or medication that might affect his good judgment, he responded in the negative. The court also stated that there was "nothing but bare allegations from the defendant with regard to whether he was, in fact, on any type of medication on the date in question. There has been no offer or proffer of medical documentation to suggest that the defendant was, in fact, on any type of medication on April 26, 2005, other than the bare

assertions of the defendant."[3] "It is well established that [a] trial court may properly rely on . . . the responses of the [defendant] at the time [she] responded to the trial court's plea canvass . . . ." (Internal quotation marks omitted.) *State* v. *Monk*, 88 Conn. App. 543, 552, 869 A.2d 1281 (2005); see also *Carey* v. *Commissioner of Correction*, 86 Conn. App. 180, 185–86, 860 A.2d 776 (2004) (upholding habeas court's finding that plea knowingly and voluntarily given when, although petitioner claimed he had taken medication on date he entered plea and that this made him confused, there was no evidence that described medication or its effect on petitioner), cert. denied, 272 Conn. 915, 866 A.2d 1283 (2005). On the basis of our review of the record, we conclude that the court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea on the basis of his assertion that he was under the influence of medication that affected his ability to comprehend the plea process at the time he entered his plea.

The defendant next argues that the plea was not knowing, intelligent and voluntary because it was entered without the effective assistance of counsel.[4] In

---

[3] We note that even if the court had accepted the defendant's testimony that he was taking Seroquel and Lexapro at the time he entered the plea, there was no offer of proof regarding the effect of such medication on the defendant's ability to comprehend what was going on around him.

[4] "[A] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law. . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.) *State* v. *Sutton*, 95 Conn. App. 139, 145, 895 A.2d 805, cert. denied, 278 Conn. 920, 901 A.2d 45 (2006).

support of this argument, the defendant refers to his July 12, 2005 unsworn statement to the court that he had asked Pear several times to get his medical records because he was taking medication for schizophrenia. See footnote 2. He also asserts that Pear did not conduct an investigation into this matter. As noted by counsel for the state, however, the defendant failed to present the medical records that Pear allegedly failed to obtain and presented no evidence concerning Pear's investigation into the matter. All that the court had before it was the "bare allegations from the defendant with regard to whether he was, in fact, on any type of medication on the date in question." On the basis of the lack of evidence concerning this claim, as well as the defendant's statement during the plea canvass that he was satisfied with Pear's representation of him in this matter, we conclude that the defendant has failed to satisfy his burden of proving that the plea was not knowing, intelligent and voluntary because it was entered without the effective assistance of counsel. The court, therefore, did not abuse its discretion in denying the defendant's motion to withdraw the guilty plea on this basis.

The defendant's final claim is that the plea was not knowingly and intelligently made because the court did not explain the elements of each offense. The state counters that the record of the plea canvass establishes that Pear had explained the nature and the elements of the charges to the defendant. We agree.[5]

---

[5] The transcript of the plea canvass reveals the following:

"The Court: Has your attorney explained to you the nature and elements of both of these offenses? In other words, what the state would have to prove beyond a reasonable doubt to convict you of one or both of these charges if you chose to go to trial.

"[The Defendant]: Yes, he has.

"The Court: And has your attorney also explained to you what the maximum possible penalty would be if you were convicted of one or both of these offenses?

"[The Defendant]: Yes, sir.

"The Court: Is that correct, counsel? Have you explained all these things to your client?

"[O]ur courts have stopped short of adopting a per se rule that notice of the true nature of the charge always requires the court to give a description of every element of the offense charged. . . . Rather, we have held that, [u]nder *Henderson* v. *Morgan*, 426 U.S. 637, 647, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976), even without an express statement by the court of the elements of the crimes charged, it is appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. . . . Thus, unless a record contains some positive suggestion that the defendant's attorney had not informed the defendant of the elements of the crimes to which he was pleading guilty, the normal presumption applies." (Citations omitted; internal quotation marks omitted.) *State* v. *Reid*, 277 Conn. 764, 783–84, 894 A.2d 963 (2006). On the basis of our review of the record, specifically, the plea canvass, we conclude that the defendant cannot prevail on his claim that his plea was not knowingly and intelligently made because the court failed to explain the elements of the offenses to him. The court, therefore, did not abuse its discretion in denying the defendant's motion to withdraw the guilty plea on this basis.

The judgment is affirmed.

"[Defense Counsel]: I have.

"The Court: In your opinion, is your client entering his plea knowingly and voluntarily?

"[Defense Counsel]: He is, Your Honor."